UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>                Plaintiff,<br><br>- against -<br><br>BROOKLYN VEGAN; DAVID VANDERVELDE; WILLIAM PEARIS; ANDREW SACHER; and DOES 1-10;<br><br>                Defendants. | Case No.: 18-cv-3204<br><br>PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; AND (2) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>JURY TRIAL DEMANDED |

Plaintiff, Minden Pictures, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) and (c) and 1400(a) in that Defendant Brooklyn Vegan's principal place of business is in this district, that one or more of the Defendants reside in this judicial district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Minden Pictures, Inc. ("Plaintiff") is a nationwide business incorporated in California, which is doing business within the state of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Brooklyn Vegan ("Brooklyn Vegan") is a business of unknown form and is doing business in the state of New

York. Brooklyn Vegan's principal place of business is in Brooklyn, New York, and it operates a website www.brooklynvegan.com (the "Website").

6. Defendant David Vandervelde ("Vandervelde") is an individual residing in Nashville, Tennessee. At all times relevant to this case, Vandervelde was the founder / editor in chief of the Website, and in that role exercised control over the posting of content, including photographs, on the Website.

7. Defendant William Pearis ("Pearis") is an individual residing in Brooklyn, New York. At all times relevant to this case, Pearis was the senior editor of the Website, and in that role exercised control over the posting of content, including photographs, on the Website.

8. Defendant Andrew Sacher ("Sacher") is an individual residing in New York, New York. At all times relevant to this case, Sacher was the senior editor of the Website, and in that role exercised control over the posting of content, including photographs, on the Website.

9. Vandervelde, Pearis and Sacher have also infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Vandervelde, Sacher, Pearis and Brooklyn Vegan are collectively referred to herein as "Defendants".

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the founder, editor in chief, senior editor, agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and at all times had control over the content displayed on the website, acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of

each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

11. Plaintiff is a digital media company whose business consists, in part, of licensing rights to reproduce photographs that it owns or has the exclusive right to license.

12. By virtue of contractual assignments with the respective photographers, Plaintiff is the sole and exclusive agent and representative with respect to the licensing and use of nature photograph identified below which is at issue in this case (the "Subject Photograph"). Pursuant to those assignments, Plaintiff also has full and complete authority to institute suit for the unauthorized use of said images. Thus, Plaintiff has standing to bring this action. (*Minden Pictures, Inc. v. John Wiley & Sons,* 795 F.3d 997 (9th Cir., 2015)).

13. The photograph ("Subject Photo") is titled "00220695.jpg". The Subject Photo was composed and created by Tom Vezo and was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the Subject Photo is reproduced below:



14. Plaintiff is informed and believes and thereon alleges that Defendant owns and operates a website at www.brooklynvegan.com, where it posts various videos and pictures.

15. Plaintiff is further informed and believes that Defendant displayed the Subject Photograph ("Infringing Photograph") on its website, www.brooklynvegan.com, without authorization. True and correct screenshots of Defendants' infringing use of the Subject Photograph on the www.brooklynvegan.com website is reproduced on the page below:

16. "Infringing Photograph":



### FIRST CLAIM FOR RELIEF
(For Copyright Infringement)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph the World Wide Web.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photograph on www.brooklynvegan.com.

20. Plaintiff is informed and believes and thereon alleges that the Infringing Photograph use the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photograph and constitutes unauthorized uses of the Subject Photograph.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed the Subject Photograph by publishing and displaying the Infringing Photograph to the public, including without limitation, on www.brooklynvegan.com without authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF
(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)

25. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata, on the copy of at least one Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

27. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

      a. That Defendants, as well as their employees, agents, or anyone acting in concert with it, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendant to remove the Infringing Photograph from any print, web, or other publication owned, operated or controlled by any Defendant.

      b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendant, through its infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

      c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

      d. That Plaintiff be awarded its costs and fees under the statutes set forth above;

      e. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

      f. That Plaintiff be awarded pre-judgment interest as allowed by law;

      g. That Plaintiff be awarded the costs of this action; and

      h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 1, 2018         Respectfully submitted:

By: /S/ Michael D. Steger
Michael D. Steger (MS2009)
DONIGER / BURROUGHS APC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(646) 517-0600
(845) 689-2155 (fax)
michael@donigerlawfirm.com
Attorney for Plaintiff